UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITES STATES OF AMERICA | * | CRIMINAL NO. 12-87-JJB-SCR |
|---|---|---|
| | * | |
| VERSUS | * | JUDGE BRADY |
| | * | |
| MURPHY J. PAINTER | * | MAGISTRATE JUDGE RIEDLINGER |

*************************************************************************

**MOTION TO PERMIT DEFENDANT TO COPY COMPUTER FILES AND INCORPORATED MEMORANDUM**

TO THE HONORABLE, THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:

NOW INTO COURT, through undersigned counsel comes the Defendant MURPHY J. PAINTER, who for the purpose of this motion respectfully represents as follows:

**I.   BACKGROUND**.

Defendant has been indicted and charged with forty-two (42) violations of Title 18 of the United States Code, namely computer fraud, false statements and identity theft. The Defendant is alleged to have committed **all** offenses while using his work issued computer at the Louisiana Office of Alcohol and Tobacco Control.

On August 10, 2010 the Defendant was called to the Governor's Office and asked to resign. When he refused he was fired. The Defendant's keys to his office were taken and he was told he would no longer have access to his office and the contents therein. Three days later the Louisiana Office of Inspector General obtained a search warrant to search the Defendant's office and his computers. The computers were seized and the Defendant has

1

been denied access to them ever since.

Once the government came into possession of the computers they were allowed unfettered access and were able to examine and analyze the files and documents that were produced by the Defendant and used these files and documents during their investigation which lasted almost two years culminating in the issuance of the indictment. Defendant has not been allowed similar access.

Following his arraignment and pursuant to the scheduling order issued by the Court, the Defendant sent a letter to the Government requesting discovery.[1] Notably, the Defendant specifically requested "the right to examine and/or *copy* any documents or materials, in written or electronic form that have been seized including any *computer hard drives*." [emphasis added].

On July 18, 2012 the Defendant's attorney attended a status conference at which time the Government provided him with various documents, in written and electronic form that they indicated they intended to use at the trial. The Government also informed the undersigned that he could go examine and copy the items seized from the Defendant's office at the Louisiana Office of Inspector General (the OIG), which was the investigating agency in the case.

On that same day the Defendant and his undersigned counsel went to the OIG offices and examined various boxes and files that were seized from his office. Neither the computers

---

[1] See: June 16, 2012 letter to Government, EXHIBIT 1.

nor the hard drives were there. When questioned as to their whereabouts the OIG representatives stated that they were with the State Police and arrangements would be made for the Defendant to have access to them.

By August the Defendant had still not been permitted access to the computer hard drives. A second letter was written to the Government specifically requesting copies of the computers.[2] The Government contacted the undersigned and advised that the OIG was working with the Louisiana State Police to arrange access to the computers but there was some type of technical problem that needed to be resolved and that the defense would be contacted when the computers were ready for viewing.

The Defendant was not contacted until October when OIG attorney Tracy Richard contacted the undersigned and invited him and the Defendant to go to the LSP offices in Baton Rouge to view the computers. The parties agreed to do this the next day, October 2nd. On that morning Ms. Richard contacted the undersigned and advised that the computers were still not ready to be viewed and she would contact the undersigned when they were ready.[3] The next day Ms. Richard contacted the undersigned and stated that the computers were now ready for viewing. Because the undersigned had already made commitments that day he and his client arranged to go view the computers on the next available day, which was October 9th.

---

[2] EXHIBIT 2.

[3] See E-mail correspondence, EXHIBIT 3.

3

On that date, the Defendant, the undersigned counsel and an IT professional retained by the defense went to the LSP offices. They were met by Ms. Richard and LSP Officer Alex Sovinsky and taken to a room which contained images of the seized computer data but not the actual hard drives. The defense team were told that they would only be permitted to view the data and not permitted to make electronic copies of the hard drives. Ms. Richard and Mr. Sovinsky remained in the room and monitored the defense team while they viewed the data.

As expected the material was voluminous. According to Louisiana State Police Officer Sovinskey, who is the State Police custodian of the data the files contain 1,546,669 documents encompassing approximately 200 gigabytes. Mr. Sovinskey opined that based on his estimates if one were to attempt to view each document it would take approximately two (2) weeks to do so.

With this in mind another letter was written to the Government formally requesting that they provide copies, or allow the defense to electronically copy the following data contained within those files.

> 1) All e-mail correspondence authored by or received in response thereto by our client, Mr. Painter.
>
> 2) All documents, letters, memorandum or otherwise authored by or received in response thereto by our client, Mr. Painter.
>
> 3) The electronic calender/schedules maintained by our client.
>
> 4) The log/in access records showing who logged in to our clients computer on different dates (Note: According to the defense IT expert the computer files

4

clearly showed that multiple people other than the Defendant logged into his computer. Obviously the defense has a right to have copies of these files to perform the necessary analysis to prepare testimony on this subject).[4]

The Government responded that they would not permit the defense to copy the hard drives or even the specifically requested data absent an Order from this Court. For this reason the Defense files this motion seeking such an Order.

Defendant believes that he is entitled to copy the data pursuant to Rule 16(a)(1)(E) as well as the Constitution. Specifically, Defendant contends that the computer files that were produced by him and which were seized from his office pursuant to a search warrant are "material to preparing the defense" and were either "obtained from or belong to the defendant" as that term is used in Rule 16.

A brief discussion of the relevant law follows.

## II. RELEVANT LAW

**Federal Rule of Criminal Procedure 16(a)(1). Discovery and Inspection**

**(E) Documents and Objects.** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

**(I)** the item is material to preparing the defense;

---

[4] EXHIBIT 4.

5

**(ii)** the government intends to use the item in its case-in-chief at trial; or

**(iii)** the item was obtained from or belongs to the defendant.

Federal Rule of Criminal Procedure 16 provides a floor, not a ceiling, for the amount of discovery to which a party is entitled. Notes of Advisory Committee on 1974 Amendments to Rule 16. ("[Rule 16] is intended to prescribe the minimum amount of discovery."). Rule 16 should be "liberally interpreted" to fulfill the "purpose of enabling the accused to meet the charges" against him. United States v. O'Conner, 237 F.2d 466, 476 (2d Cir. 1956); citing Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 679 (U.S. 1951). Where a defendant lacks knowledge, "he should not be denied information relevant to his defense by a restrictive interpretation of the Federal Rules of Criminal Procedure." O'Conner, 237 F.2d at 476.

Courts note that the materiality standard under Rule 16 "is not a heavy burden." United States v. Lloyd, 992 F.2d 348, 301 U.S.App.D.C. 186 (C.A.D.C. 1993), opinion after remand 71 F.3d 408, 315 U.S.App.D.C. 149, rehearing and suggestion for rehearing in banc denied. Documents are "material in the preparation of the defense" if there is strong indication that they will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal. United States v. Felt, 491 F.Supp. 179 (D.C.D.C. 1979).

While discovery is more limited in criminal cases, it is worth noting that the courts accept the disclosure of computer files, including backups of deleted computer files, as a "well accepted

6

Case 3:12-cr-00087-JJB-SCR   Document 28   10/19/12   Page 6 of 10

proposition" of civil discovery rules. See Zubulake, 217 F.R.D. 309, 317 n. 38 (S.D.N.Y. 2003). See also Renda Marine Inc. v. United States, 58 Fed. Cl. 57 (2003) (U.S. Army Corps of Engineers ordered to produce backup tapes at its own expense and to provide access to the contracting officer's computer hard drive) and Williams v. Armstrong. 2007 WL 1424552 *2 (W.D. Mich. May 14, 2007) ("Typically speaking, [email], even when deleted is maintained in a computer system as replicant data, archival data or residual data, which is subject to production and discovery") (citations omitted).

Forcing the defendant to inspect the files on the hard drive with Government representatives hovering over him acts as a poor substitute for allowing him to copy the files in accordance with Rule 16. For instance, in United States v. Duncan, the court found that the prosecution's "open file policy" which allowed the defendant to access the prosecutor's entire file but disallowed copying was inadequate because it functioned as a substitute for compliance with the provision of Rule 16 that allows copying of documents and other discoverable material. 598 F.2d 839 (4th Cir. Ct. App. 1979).

Information need not constitute Brady material to warrant disclosure by the Government under Rule 16. Brady and its progeny defined the contours of both the defendant's rights under the Fourteenth Amendment to evidence material to guilt or punishment as well as the prosecutor's duty to disclose such information. 21A Am. Jur. 2d Criminal Law § 1182. As such, Brady delineates the information that a defendant is guaranteed under the Constitution. By contrast, Rule 16 sets the minimum amount of pretrial criminal discovery yet still encompasses more than that required by Brady. See United States v. Caro, 597 F.3d 608, 620 (4th Cir. 2010);

7

see also United States v. Baker, 453 F.3d 419, 424 (7th Cir. 2006) ("Rule 16…is broader than Brady."); United States v. Conder, 423 F.2d 904, 911 (6th Cir. 1970) ("We are of the view that the dsclosure required by Rule16 is much broader than that required by the due process standards of Brady"). Rule 16 thus requires that the government turn over more evidence pursuant to a Rule 16 discovery request than it otherwise would simply under Brady.

Confounding the discovery process carries Constitutional implications. While discovery is not an explicit Constitutional right, the Sixth Amendment "guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Holmes v. South Carolina, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed. 2d 503 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed. 2d 636 (1986)). This right includes, "at a minimum, ... the right to put before a jury evidence that might influence the determination of guilt." Pennsylvania v. Ritchie, 480 U.S. 39, 56, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); accord Washington v. Texas, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

Needlessly denying production of information requested in discovery may amount to a Constitutional violation. In United States v. Stever, the Government refused to turn over documents it possessed, asserting that the requested documents were "irrelevant to the point of immateriality, without even reviewing the requested documents in camera." 603 F.3d 747, 757 (9th Cir. 2010). The court found the Government's reasoning "deeply flawed" and concluded that the defendant "was not only prevented from putting on evidence important to his defense…he was prevented from making his defense at all." Id. The court therefore found that the Government violated the defendant's Sixth Amendment rights. Id.

Case 3:12-cr-00087-JJB-SCR   Document 28   10/19/12   Page 8 of 10

Clearly, based on the above referenced law the Defendant is entitled to copy the hard drives from his work issued computers on which the Government contends he engaged in the alleged criminal conduct.

WHEREFORE, Defendant prays that he be permitted to copy the computer hard drives that were seized from his office and for all full, general and equitable relief.

                              Respectfully Submitted,

                              s// Timothy Meche
                              TIMOTHY ALLISON MECHE
                              700 CAMP STREET
                              NEW ORLEANS, LA 70130
                              TELEPHONE: (504) 528-9500
                              LOUISIANA BAR NO. 19706
                              email: tim_meche@yahoo.com

## C E R T I F I C A T E

I hereby certify that a copy of the foregoing Motion was electronically filed and was caused to be served on all counsel of record this 19th day of October, 2012.

                              s// Timothy Meche
                              TIMOTHY A. MECHE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITES STATES OF AMERICA | * | CRIMINAL NO. 12-87-JJB-SCR |
| | * | |
| VERSUS | * | JUDGE BRADY |
| | * | |
| MURPHY J. PAINTER | * | MAGISTRATE JUDGE RIEDLINGER |

*************************************************************************

## **O R D E R**

Considering the foregoing Motion:

It is ORDERED that the Government permit the Defendant or his representative to copy the hard drives of the computers that were seized from his office.

THUS DONE AND SIGNED THIS _____day of _____, 2012.

_____
UNITED STATES DISTRICT COURT