UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 12-87-JJB-SCR |
| *versus* : | |
| : | |
| MURPHY J. PAINTER : | |

**UNITED STATES' MOTION *IN LIMINE* AND MEMORANDUM
IN SUPPORT TO BAR MENTION OR EVIDENCE OF
SELECTIVE OR VINDICTIVE INVESTIGATION AND PROSECUTION**

The United States of America by J. Walter Green, Attorney for the United States, through Assistant United States Attorneys M. Patricia Jones and Cam T. Le, respectfully moves to preclude the defendant and his counsel from alleging to the jury, through statements, the introduction of evidence, questioning of witnesses, or otherwise, that the defendant has been selectively or vindictively investigated or prosecuted.

**I.     Introduction**

The United States anticipates the defendant may attempt to raise arguments or introduce evidence attacking the nature of this prosecution. Based on the defendant's motion to dismiss and statements made by members of the defense team, it appears that the defendant may attempt to question witnesses, introduce evidence, or make statements in the presence of the jury concerning the reason or motivation behind this prosecution and the underlying investigation. More specifically, the defense has repeatedly suggested that the state and federal governments selectively targeted him for investigation and prosecution based on political reasons. See Rec. Doc. 27-1 at 1-10. The defendant has argued, and may continue

to argue, that anyone else would not have been charged or would have been charged with only misdemeanors for the actions alleged in the Indictment. See id. at 1-4. As discussed below, such claims are for the Court, not the jury.

## II. Law and Argument

Courts recognize the government's broad discretion to initiate and conduct criminal prosecutions. See United States v. Armstrong, 517 U.S. 456, 464 (1996); Wayte v. United States, 470 U.S. 598, 607 (1985). However, the government may not engage in selective prosecution, which denies equal protection of the law, or vindictive prosecution, which violates due process. See Wayte, 470 U.S. at 608; Blackledge v. Perry, 417 U.S. 21, 28-29 (1974). While a defendant may raise a claim of selective or vindictive prosecution or investigation, he may do so only with the Court, not the jury.

While such arguments may be advanced in support of a selective prosecution claim, they are irrelevant to a determination of whether the defendant committed the acts with which he is charged. "[T]he defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it is not a matter for the jury." United States v. Abboud, 438 F.3d 554, 579-80 (6th Cir. 2006) (upholding a district court's granting of the government's motion *in limine* to prevent defendants from presenting evidence of selective prosecution); see also United States v. Martha Stewart, et al., No. 03-CR-717(MGC), 2004 WL 113506 at *1 (S.D.N.Y. Jan. 26, 2004); United States v. Washington, 705 F.2d 489, 495 (D.C.Cir. 1983); *cf.* Armstrong, 517 U.S. at 464 ("A selective-prosecution claim asks a court to exercise judicial power over a 'special province' of the Executive."); *In re* United States,

397 F.3d 274, 284-85 (5th Cir. 2005) (same). A claim of selective investigation is handled in the same manner as a selective prosecution claim. See In St. German of Alaska Eastern Orthodox Catholic Church v. United States, 840 F.2d 1087 (2nd Cir. 1988); United States v. Cuevas-Ceja, 58 F. Supp. 2d 1175 (D. Oregon 1999).

Advancing such arguments before the jury serves only the purpose of encouraging the trier-of-fact to infer an improper motive on the part of the government in bringing the present Indictment. See Armstrong, 517 U.S. at 463 ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."). Any attempt, by argument or the introduction of evidence, to call into question the manner in which this case was initiated or is being prosecuted, is really an attempt to seek jury nullification. See United States v. Rosado, 728 F.2d 89, 93 (2nd Cir. 1984) ("[Defendants] invited jury nullification by [bringing into question at trial] the Government's motives in subpoenaing [defendants] and prosecuting them for contempt."). Courts have made clear the legal view against jury nullification – "Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power." Washington, 705 F.2d at 494.

In the end, the alleged motives of the investigators and prosecutors are clearly not relevant to the question whether the government has proven the elements of the offenses beyond a reasonable doubt. See, *e.g.*, Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or

bring before a grand jury, generally rests entirely in his discretion"); Armstrong, 517 U.S. at 465 ("Examining the basis of a prosecution delays the criminal proceeding, [and] threatens to chill law enforcement by subjecting the prosecutor's motives and decision making to outside inquiry"). Moreover, any probative value of such attacks by the defendant is substantially outweighed by its potential for unfair prejudice and ability to mislead the jury. See Fed. R. Evid. 401, 403. Thus, the defendant should be precluded from raising before the jury, either in argument or questioning, the reason or motivation behind this criminal case and any suggestion that he has been selectively prosecuted. United States v. Cleveland, 1997 WL 253124, at *2-3 (E.D.La. 1997); United States v. Lopez, 854 F. Supp. 57, 59-60 (D. Puerto Rico 1994).

**III.    Conclusion**

Accordingly, for the reasons set forth above, the United States respectfully requests that the Court grant the government's motion *in limine* and preclude the defendant from raising before the jury, either in argument or questioning, the reason or motivation behind his investigation and prosecution and any suggestion that he has been selectively investigated or prosecuted.

Respectfully submitted,

UNITED STATES OF AMERICA, by

J. WALTER GREEN
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C. § 515


/s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Cam T. Le, BBO 663328
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: patricia.jones4@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 12-87-JJB-SCR |
| *versus* : | |
| : | |
| MURPHY J. PAINTER : | |

# ORDER

This matter comes before the Court on the United States' *Motion In Limine To Bar Mention Or Evidence Of Selective Or Vindictive Investigation And Prosecution*. After due consideration, the motion is GRANTED and the defense is barred from arguing or introducing evidence concerning alleged selective or vindictive investigation and prosecution.

**DATED AND SO ORDERED** this ___ day of _____, 2013, at Baton Rouge, Louisiana.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 12-87-JJB-SCR |
| *versus* : | |
| : | |
| MURPHY J. PAINTER : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the United States' *Motion In Limine To Bar Mention Or Evidence Of Selective Or Vindictive Investigation And Prosecution* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the defendant's attorneys, Timothy A. Meche and Al J. Robert, Jr., by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 20th day of May, 2013.

/s/ Cam T. Le
CAM T. LE
ASSISTANT U.S. ATTORNEY