UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| *versus* | : | Criminal No. 12-87-JJB-SCR |
| | : | |
| MURPHY J. PAINTER | : | |

### UNITED STATES' MOTION *IN LIMINE* AND MEMORANDUM IN SUPPORT TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING LACK OF HARM

The United States of America by J. Walter Green, Attorney for the United States, through Assistant United States Attorneys M. Patricia Jones and Cam T. Le, respectfully moves to preclude the defendant and his counsel from introducing evidence or making arguments to the jury regarding an alleged lack of harm from the charged offenses.

### I.   Introduction

The United States anticipates that defendant may present evidence or arguments suggesting that the charged conduct was not harmful to anyone.  For example, defense counsel has argued to undersigned counsel that the information accessed by defendant through confidential law enforcement databases is freely available on the Internet.  Defense counsel has also noted that, at least in some instances, defendant accessed restricted information regarding acquaintances at their own request or accessed restricted information for benign reasons, implying that such accesses were therefore harmless.  Additionally, in his response to the state Inspector General's report, defendant asserted as to numerous database inquiries that "no restrictive information was transferred, copied or maintained in any instance."  See Attachment A at 4-5.

Whether anyone was harmed by defendant's conduct is irrelevant. Any evidence or comment by the defense claiming lack of harm resulting from his conduct would divert the jury's attention from the relevant issue of guilt or innocence. The only possible purpose for raising such matters is to engender sympathy and elicit jury nullification. Therefore, the defendant should be precluded from introducing any such evidence or arguments at trial.

## II.     Law and Argument

Deciding whether to admit evidence at trial is within the authority of the trial court. Generally, relevant evidence is admissible and irrelevant evidence is not admissible. Fed. R. Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy "exists only as a relation between an item of evidence and a matter properly provable in the case." Id., Advisory Committee Notes.

"Jury nullification" is the jury's exercise of its power to render a verdict which is contrary to the law and the facts. Washington v. Watkins, 655 F.2d 1346, 1374 n.54 (5th Cir. 1981). Although the jury has the **power** to render such a verdict, it has no **right** to do so. United States v. Washington, 705 F.2d 489, 494 (D.C. Cir. 1983). Because jury nullification is contrary to the jury's sworn duty, neither defense counsel nor the court "should encourage jurors to exercise this power." United States v. Sepulvado, 15 F.3d 1161, 1190 (1st Cir. 1993); see also United States v. Perez, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government

2

Case 3:12-cr-00087-JJB-SCR   Document 57   05/31/13   Page 2 of 6

cannot appeal an acquittal; it is not a right, either of the jury or of the defendant."). For this reason, courts should not instruct, and counsel may not argue, that juries may disregard the law. See Washington v. Watkins, 655 F.2d at 1374 n.54; United States v. Thompson, No. 99-41007, 2001 WL 498430 at *16 (5th Cir. April 9, 2001) (unpublished). Likewise, evidence is inadmissible if its only purpose is to support a jury nullification argument or verdict. See United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998); Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring); United States v. Gorham, 523 F.2d 1088, 1098 (D.C. Cir. 1975).

Harm is not an element of any of the offenses charged in this case, and lack of harm is not a legal defense. Thus, any evidence and arguments regarding lack of harm would constitute an invitation to jury nullification and, hence, be improper. Such evidence and arguments are irrelevant to determining the guilt or innocence of the defendant and should be excluded.

**III. Conclusion**

Accordingly, for the reasons set forth above, the United States respectfully requests that the Court grant the government's motion *in limine* and preclude the defendant and his counsel from arguing or introducing evidence regarding the lack of harm resulting from his conduct.

                                UNITED STATES OF AMERICA, by

                                J. WALTER GREEN
                                Attorney for the United States, Acting
                                Under Authority Conferred by 28 U.S.C. § 515

                                /s/ M. Patricia Jones
                                M. Patricia Jones, LBN 18543
                                Cam T. Le, BBO 663328
                                Assistant United States Attorneys
                                777 Florida Street, Suite 208
                                Baton Rouge, Louisiana 70801
                                Telephone: (225) 389-0443
                                Fax: (225) 389-0561
                                E-mail: patricia.jones4@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | Criminal No. 12-87-JJB-SCR |
| | : | |
| MURPHY J. PAINTER | : | |

### ORDER

This matter comes before the Court on the United States' *Motion In Limine To Exclude Evidence and Argument Regarding Lack of Harm*. After due consideration, the motion is GRANTED.

IT IS HEREBY ORDERED that the defense is barred from arguing or introducing evidence regarding lack of harm from the charged offenses.

**DATED AND SO ORDERED** this ____ day of _____, 2013, at Baton Rouge, Louisiana.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | Criminal No. 12-87-JJB-SCR |
| | : | |
| MURPHY J. PAINTER | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the United States' *Motion In Limine To Exclude Evidence and Argument Regarding Lack of Harm* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the defendant's attorneys, Timothy A. Meche and Al J. Robert, Jr., by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 31st day of May, 2013.

/s/ M. Patricia Jones
M. Patricia Jones
Assistant United States Attorney